# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>Motorola Cellphone Serial Number: ZY22GTV7JR, IMEI: 3503771807207 with a SIM CARD: WA128PSIMT5TD, IMEI: 350377180720714 | Case No. 5:23-MJ-508 (ATB) |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Sep 15 - 2023
John M. Domurad, Clerk

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the Northern District of New York, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Receipt of child pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of child pornography |

The application is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.
☐ Delayed notice of ___days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

NICHOLAS R HUGHES
*Digitally signed by NICHOLAS R HUGHES*
*Date: 2023.09.15 10:31:48 -04'00'*

*Applicant's signature*

Nicholas Hughes, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone *(specify reliable electronic means)*.

Date: 9/15/2023

*Judge's signature*

City and state: Syracuse, NY

Hon. Andrew T. Baxter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

I, Nicholas Hughes, being duly sworn, hereby state as follows:

**I.      Introduction**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of a device, specifically a Motorola Cellphone Serial Number: ZY22GTV7JR, IMEI: 350377180720722 with the SIM Card WA128PSIMT5TD, IMEI: 350377180720714 (the "Device") which is currently in law enforcement possession, and the extraction from that property of electronically stored information.  Located within the Device to be searched, I seek to seize evidence, fruits, and instrumentalities relating to violations of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) as more fully described in Attachment B.

2.      I am a Special Agent employed by Homeland Security Investigations ("HSI") where I have worked since March 2022. Your affiant has successfully completed the Criminal Investigative Training Program and the HSI Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia. While in training, your affiant received training in investigations related to child exploitation, human exploitation, narcotics, smuggling, immigration, and other criminal activity. Prior to working as a Special Agent, your affiant was a United States Border Patrol Agent in San Diego, California. Your affiant received a Bachelor of Science Degree in Homeland Security from the State University of New York Canton College in Canton, New York.

3. I have received additional training regarding child pornography and have had the opportunity to observe and review numerous examples of child pornography in many forms, including video and computer media.

4. This affidavit is based upon my personal knowledge, experience, and training, as well as other information developed during this investigation. This affidavit is also based upon the information obtained from New York State Police ("NYSP") investigators. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 2252A(a)(2)(A) (receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) have been committed by Michael FEGLEY ("FEGLEY"), and that evidence of these crimes and contraband or fruits of these crimes as described in Attachment B, exist within the Device that is currently located at 401 South Salina Street, Suite 208, Syracuse, New York 13202, HSI Syracuse Office Evidence Room.

I. **CHARACTERISTICS COMMON TO INDIVIDUALS WITH A SEXUAL INTEREST IN CHILDREN**

6. Based upon my knowledge, experience, and training in child exploitation and child pornography (CP) investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals with a sexual interest in children. These characteristics particularly apply to individuals involved in possessing or receiving CP online, including those accessing websites whose primary content is CP. These common characteristics include that the individuals:

    a. Generally have a sexual interest in children and receive sexual gratification from

        viewing children engaged in sexual activity or in sexually suggestive poses, or from literature describing such activity.

b.     May collect or view sexually explicit or suggestive materials, in a variety of media, including in hard copy and/or digital formats. CP viewers and collectors oftentimes use these materials for their own sexual arousal and gratification. They may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse or groom a child to participate in sexual activity, or to demonstrate desired sexual acts to a child. They may also use toys, games, costumes, sexual clothing, sexual paraphernalia, and children's clothing to lure or entice children. They may keep "trophies" or mementos of sexual encounters with children, or items that they use to gratify a sexual interest in children, such as by collecting children's underwear or other items belonging to a child.

c.     May take photographs that either constitute CP or indicate a sexual interest in children by using cameras, video cameras, web cameras, and cellular telephones. Such images and videos may be taken with or without the child's knowledge. This type of material may be used by the person to gratify a sexual interest in children.

d.     Generally maintain their collections in a safe, secure, and private environment—such as stored on private devices found at their personal residence or on private cellular telephones. CP images and videos can be downloaded onto desktop or laptop computers, computer disks, disk drives, data disks, system disk operating systems, magnetic media floppy disks, Internet-capable devices, cellular telephones, tablets, digital music players, and a variety of electronic data storage

      devices (hardware, software, diskettes, tapes, CDs, DVDs, SD cards, memory cards, USB/jump/flash memory devices, external hard drives, and other digital storage media). The images and videos can be stored in both digital and hard copy format and are usually hidden so that they are not found by other members of the residence or by anyone else who enters the home.

e. Often maintain their collections of CP and other materials indicating a sexual interest in children for a long period of time—commonly over the course of several years. These collections are also frequently maintained despite changes in residence or the acquisition of different or newer computer devices. Often, if a person obtains a new device, they will migrate their old collection onto the new device to ensure access.

f. May correspond with and/or meet others to share information and materials; rarely destroy correspondence from other CP distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, screen names, and telephone numbers of individuals with whom they have been in contact and who share the same interests in CP. Such correspondence may take place, for example, through online bulletin boards and forums, Internet-based chat messaging, email, text message, video streaming, letters, telephone, and in person. In some cases, these individuals may have joint involvement in CP activities with others within their household or with whom they share a close relationship (e.g., brothers/siblings, dating partners or coworkers).

7. Based on my training and experience, I know that electronic devices, like the

Device subject to this search warrant are often used for illegal purposes, including the receipt and possession of child pornography.

## II.     FACTS ESTABLISHING PROBABLE CAUSE

8.      On August 25, 2023, a Special Agent with HSI created a social media post stating that she was a thirteen-year-old child (the "child") that lived in New York and was recently kicked out of her house. The post made it clear that the child was a thirteen-year-old and female. Shortly after making the post, a user with the screen name "LarryGumball" responded and started to offer his assistance. The user of the screen name LarryGumball later identified himself as "Michael," and I confirmed through further investigation that his full name is Michael FEGLEY Jr. ("FEGLEY").

9.      On the social media site, FEGLEY urged the child to transition to a private messaging application to continue speaking. During the conversation, FEGLEY offered to allow the child to live with him in Florida. FEGLEY made it clear that he could drive from Florida to New York to pick up the child.

10.     From August 25, 2023, through September 10, 2023, FEGLEY utilized a messaging application on his device to send numerous text messages to the child that were sexual in nature. FEGLEY suggested that, in exchange for allowing the child to live with him, she would have to engage in sexual intercourse with him on demand. FEGLEY described this arrangement as "freeuse" and told the child that she would be required to wear only a t-shirt or sweatshirt around the house without any underwear so that he could have sex with her whenever he desired.

11. During the conversation, FEGLEY mentioned that he was also speaking to another girl who he believed was fourteen years old. According to FEGLEY, he was planning to marry this girl and have a sexual relationship with her.

12. Given the content of the conversation, FEGLEY has a sexual interest in minors.

13. After talking for several weeks, on September 9, 2023, FEGLEY left his townhome in Florida and started driving towards Syracuse, New York to meet the child—a person whom he believed was thirteen-years old. FEGLEY drove approximately 19 hours and 30 minutes, and arrived in Clay, New York on September 10, 2023, at approximately 7:55 a.m.

14. On September 10, 2023, FEGLEY was encountered and arrested by law enforcement at the predetermined location he and the child agreed to meet. FEGLEY was transported back to the NYSP North Syracuse barracks where he was subsequently interviewed.

15. During the post-*Miranda* interview. FEGLEY gave consent for investigators search his car to locate his phone and examine the phone's contents. FEGLEY gave written consent to allow investigators to forensically examine his Device. During the interview, FEGLEY stated during that there was pornography on the Device and it was "not the good kind."

16. Upon a manual examination of the Device, investigators saw a folder called "Reddit" within the Gallery. Within that folder, investigators saw several screenshots of video collages that contained material consistent with child sexual abuse material (CSAM). Investigators were unable to examine the phone beyond a manual review on September 10, 2023. However, they personally observed and took pictures of the screen of several of the collages on Fegley's phone. For example:

  a. One screenshot collage located on FEGLEY's Device is titled "rape." Within that collage are images that depict an adult male penis in or around the mouths of

prepubescent children ranging from 4 to 7 years of age and an image that depicts an adult male penis penetrating the vagina of a female child approximately 3 to 6 years of age.

    b. Another screenshot on the device is a collage of thumbnails of what appears to be approximately 30 videos. Several of the video thumbnails depict apparent CSAM and show what appears to be prepubescent children performing oral sex or being penetrated by adult penises or fingers.

17. Investigators asked FEGLEY about the CSAM material on the Device. FEGLEY stated the CSAM came from a "Reddit" forum known as "Jerkbug," and he would download the material from that forum on Reddit and save it to his phone. FEGLEY stated he would open "Jerkbug," find an image, download the image, and save it to his Device.

18. FEGLEY stated the age of the children depicted in the CSAM he downloaded on his Device varied. FEGLEY specifically stated that some of the CSAM on his Device looks "extremely young," and most likely depicts children with ages in the "single digits." FEGLEY stated that he understood these images and videos were of minors due to their lack of body development and that the children depicted in the images or videos had more childlike features.

19. As noted, after obtaining consent to search the Device, investigators only performed a manual review and did not extract any data from the Device. Since the seizure on September 10, 2023, the Device has been secured in HSI custody and is currently located at 401 South Salina Street, Suite 208, Syracuse, New York 13202, HSI Syracuse Office Evidence Room.

### III. CONCLUSION

20. Based on the foregoing, there is probable cause to believe that fruits, evidence, instrumentalities, and contraband, including images and videos of child pornography, and information and data related to the receipt, and/or possession of child pornography, are currently contained within the Device, as further described in Attachment A, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) (receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography). Accordingly, I respectfully request a search warrant be issued by this Court authorizing the search and seizure of the items listed in Attachment B.

NICHOLAS R HUGHES
Digitally signed by NICHOLAS R HUGHES
Date: 2023.09.15 10:33:28 -04'00'

Nicholas Hughes, Special Agent
Homeland Security Investigations

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on September  15 , 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Andrew T. Baxter
United States Magistrate Judge

**ATTACHMENT A**
**DEVICE TO BE SEARCHED**

The property to be searched is as follows:

Motorola Cellphone Serial Number: ZY22GTV7JR, IMEI: 3503771807207 with a SIM CARD: WA128PSIMT5TD, IMEI: 350377180720714





This warrant authorizes the forensic examination of the device for the purpose of identifying electronically stored information described in Attachment B.

9

**ATTACHMENT B**

All records on the Device described in Attachment A, that relate to violations of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography), including:

a. Any images/videos which visually depict child pornography or child erotica;

b. Any information demonstrating the Device's user accessing information pertaining to a sexual interest in child pornography;

c. Any information demonstrating the Device's user accessing information pertaining to sexual activity with children;

d. Any information demonstrating the Device's user possessing, or receiving child pornography, child erotica, or information pertaining to an interest in child pornography or child erotica.

e. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.